IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GLORIMAR RODRÍGUEZ,<br><br>Petitioner,<br><br>v.<br><br>DANIEL SOTO-VALENTÍN,<br><br>Respondent. | CIV. NO.: 22-1185 (SCC) |

**OPINION AND ORDER**

Mr. John P. Aponte ("Mr. Aponte"), an employee of the U.S. Environmental Protection Agency ("EPA") has moved the Court to quash a subpoena ("Motion to Quash") issued by the Puerto Rico Court of First Instance, Municipal Court of Toa Alta in Toa Baja (the "State Court"). *See* Docket No. 7. This request came on the heels of Mr. Aponte's Notice of Removal pursuant to 28 U.S.C. §§ 1442(a)(1) and (d)(1). *See* Docket No. 1. For the reasons set forth below, the Motion to Quash is GRANTED and this case is REMANDED to the State Court for further proceedings.

### I.  BACKGROUND

On February 2, 2022, Petitioner Glorimar Rodríguez ("Petitioner Rodríguez") filed suit against her neighbor, Respondent Daniel Soto-Valentín ("Respondent Soto-Valentín"). *See* Docket No. 5-1.[1] In her complaint, Petitioner Rodríguez alleges that Respondent Soto-Valentín is unlawfully operating an auto body and paint shop in the backyard of his home. *Id.* Due to the chemical emissions from the auto body and paint shop, she and her family were forced to leave the home that they had recently moved in to. *Id.* She adds that she suffers from multiple chronic medical conditions that have worsened because of the chemical emissions. *Id.* By the same token, she cannot allow her underaged children to be exposed to those fumes. *Id.* Even though Petitioner Rodríguez has requested Respondent Soto-Valentín to stop the activities that produce the chemical

---

[1] The case is pending before the State Court and has been identified with case number BYL1402022-04021. *See* Docket Nos. 5-1 – 5-4.

| RODRÍGUEZ v. | Page 3 |
|---|---|
| SOTO-VALENTÍN | |

emissions, he has reportedly refused to comply with her request. *Id.*

In connection with Petitioner Rodríguez' complaint, the State Court subpoenaed Mr. Aponte[2], to testify about Petitioner Rodríguez' claim at a hearing that was set to take place on April 25, 2022. *See* Docket No. 5-3. That hearing, however, was rescheduled and so a new subpoena was issued requesting Mr. Aponte's appearance to testify before the State Court on May 4, 2022 (the "Subpoena"). *See* Docket Nos. 5-2 and 5-4. The Subpoena notified Mr. Aponte that if he failed to appear before the State Court, he could be found in contempt of court proceedings.[3] *See* Docket No. 5-2.

Given these procedural developments, Mr. Aponte promptly invoked 28 U.S.C. § 1442(a)(1) and (d)(1) as a basis to remove the proceeding concerning the Subpoena to this

---

[2] Mr. Aponte currently serves as an Environmental Protection Specialist for the EPA. Docket No. 7 at ¶ 3.

[3] It is worth noting that, neither the EPA nor Mr. Aponte, in any capacity, are parties in the State Court litigation.

| RODRÍGUEZ v. SOTO-VALENTÍN | Page 4 |
|---|---|

Court.[4] *See* Docket No. 1. He contends that the Subpoena should be quashed because he was asked to testify in connection with his duties as an EPA employee, but he has not been authorized to do so pursuant to applicable federal regulations. Docket No. 7 at ¶¶ 6-8.

## II.   ANALYSIS

The Housekeeping Act provides that "the head of an Executive department … may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." 5 U.S.C. § 301; *see also Cabral v. United States Dep't of Just.*, 587 F.3d 13, 22 (1st Cir. 2009) (explaining that the Housekeeping Act "authorizes federal agencies to create rules

---

[4] Although Petitioner Rodríguez and Respondent Soto-Valentín were notified of the Notice of Removal, *see* Docket No. 4, and the Motion to Quash, *see* Docket No. 7 at pg. 6, the record shows that over 80 days have elapsed since this case was removed yet neither have responded or even filed motions for extensions of time to do so. Any objections to the Notice of Removal and/or the Motion to Quash are therefore deemed waived. *See* Local Rule 7(b).

| RODRÍGUEZ v. SOTO-VALENTÍN | Page 5 |
|---|---|

governing discovery and disclosure."). The authority to promulgate such regulations was affirmed by the Supreme Court of the United States in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Regulations that fall under the scope of § 301, are therefore colloquially referred to as *Touhy* regulations.

Pertinent to the Court's discussion are the *Touhy* regulations promulgated by the EPA. *See* 40 C.F.R. §§ 2.401 – 2.406. In this case, the EPA has stated that compliance with the Subpoena is not "clearly" in its interests. *See* Docket No. 7 at ¶ 8. And a look at the regulation addressing the procedures when an EPA employee is subpoenaed confirms that it was well within the EPA's prerogative to make such a determination. *See* 40 C.F.R. § 2.404. This finding militates in favor of quashing the Subpoena. But there is more, for the Subpoena also raises legitimate concerns regarding the EPA's sovereign immunity if Mr. Aponte were required to testify. For here, it is not evident that the EPA has waived its

| RODRÍGUEZ v. | Page 6 |
|---|---|
| SOTO-VALENTÍN | |

sovereign immunity and it is a bedrock principle that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Further, even in situations where as here, the EPA is not a party to the State Court litigation,

> the nature of the subpoena proceeding against a federal employee to compel him to testify about information obtained in his official capacity is inherently that of an action against the United States because such a proceeding 'interfere[s] with the public administration' and compels the federal agency to act in a manner different from that in which the agency would ordinarily choose to exercise its public function.

*Boron Oil Co. v. Downie*, 873 F.2d 67, 70-71 (4th Cir. 1989) (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963)). This follows that, the EPA's sovereign immunity precluded the State Court from enforcing the subpoena in the first place. *See Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 61 n. 6 (1st Cir. 2007) (stating that "where a subpoena is issued to a non-party federal government agency in conjunction with

| RODRÍGUEZ v. SOTO-VALENTÍN | Page 7 |
|---|---|

litigation in state court, the state court may not enforce the subpoena against the federal government due to federal sovereign immunity[.]"). Considering the above, the Court finds that the Subpoena must be quashed.

### III.  CONCLUSION

Accordingly, the Motion to Quash at Docket No. 7 is **GRANTED** and this case is **REMANDED** to the State Court for further proceedings consistent with this Opinion and Order.[5]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of August 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE

---

[5] Should the State Court litigants want to challenge the EPA's refusal to produce Mr. Aponte, they could consider whether a collateral federal action pursuant to the Administrative Procedure Act is available to them. *See Commonwealth of Puerto Rico v. United States,* 490 F.3d 50, 61 n. 6 (1st Cir. 2007).